UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10842-WGY

| | |
|---|---|
| GERTRUDE GOROD,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| MASSACHUSETTS GENERAL<br>HOSPITAL, DR. WILLIAM BINDER,<br>JAMES W. MCCARTHY, ERIK<br>NORENIKA, SUSAN WARCHAL,<br>DIPLOMAT, CARUSO MUSIC,<br>LAWRENCE CARUSO,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY CLAIM OF THE DEFENDANT, JAMES W. MCCARTHY

Now comes the defendant, James W. McCarthy, and pursuant to Rule 12A of the Federal Rules of Civil Procedure, responds to the plaintiff's Complaint paragraph by paragraph as follows:

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph one of the plaintiff's Complaint.

2. The defendant admits the allegations made in paragraph two of the plaintiff's Complaint.

3. The defendant admits the allegations made in paragraph three of the plaintiff's Complaint.

4.  The defendant admits the allegations made in paragraph four of the plaintiff's Complaint.

5.  The defendant admits the allegations made in paragraph five of the plaintiff's Complaint.

6.  The defendant admits the allegations made in paragraph six of the plaintiff's Complaint.

7.  The defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph seven of the plaintiff's Complaint.

8.  The defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph eight of the plaintiff's Complaint.

9.  The defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph nine of the plaintiff's Complaint.

## JURISDICTION

10. The defendant denies the allegations made in paragraph ten of the plaintiff's Complaint.

## CAUSE OF ACTION

11. The defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph eleven of the plaintiff's Complaint.

12. Answering the allegations made in paragraph twelve of the plaintiff's Complaint, the defendant admits that Ms. Gorod was treated at the Massachusetts General Hospital. The defendant denies the remaining allegations contained within paragraph twelve of the plaintiff's Complaint.

13. The defendant denies the allegations made in paragraph thirteen of the plaintiff's Complaint.

14. The defendant denies the allegations made in paragraph fourteen of the plaintiff's Complaint.

15. The defendant denies the allegations made in paragraph fifteen of the plaintiff's Complaint.

16. The defendant denies the allegations made in paragraph sixteen of the plaintiff's Complaint.

## PUBLIC INTEREST

17. To the extent that paragraph seventeen of the plaintiff's Complaint contains any allegations of fact against the defendant, the defendant denies said allegations.

## RELIEF FROM THE COURT

18. Paragraph eighteen of the plaintiff's Complaint does not contain any allegations of fact, consequently, no response is required.

19. To the extent that paragraph nineteen of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

20. To the extent that paragraph twenty of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

21. To the extent that paragraph twenty-one of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

22. To the extent that paragraph twenty-two of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

23. To the extent that paragraph twenty-three of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

24. To the extent that paragraph twenty-four of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

25. To the extent that paragraph twenty-five of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

26. To the extent that paragraph twenty-six of the plaintiff's Complaint is construed to contain any allegations of fact, the defendant denies said allegations.

WHEREFORE, the defendant respectfully requests that this Court issue an Order dismissing the plaintiff's Complaint and awarding it its reasonable attorney fees and costs incurred in the defense of this matter.

## JURY CLAIM

The defendant demands a trial by jury to the fullest extent permitted by law

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery since the negligence of the plaintiff was equal to or greater than any negligence of the defendant as alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff was damaged as alleged in the Complaint, any such damage was the result of acts or omissions of persons or entities over which the defendant had no control and for whose conduct the defendant is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff having been informed of the risks involved consented to the medical procedures.

### FIFTH AFFIRMATIVE DEFENSE

Any recovery by the plaintiff is controlled by the Medical Malpractice Statute.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the plaintiff's Complaint are barred by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed for lack of jurisdiction over the subject matter.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed for lack of jurisdiction over the defendants.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed for insufficiency of process.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed for insufficiency of service of process.

Respectfully submitted,
The Defendant,
James W. McCarthy,
By his Attorney,

Curtis R. Diedrich, BBO#555937
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

6

## CERTIFICATE OF SERVICE

I, Curtis R. Diedrich, hereby certify that on this __17__ day of May, 2005, I served a copy of the within by mailing a copy of same, postage prepaid, to the following:

Gertrude Gorod, Pro Se
P.O. Box 856
Everett, MA 02149

_____
Curtis R. Diedrich

F:\Grace\CRD\New Cases Not Yet On S Drive\Gorod v. MGH, et al. - Answer Complaint Norenika 5.16.05.doc