UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10842-WGY

GERTRUDE GOROD, )
    Plaintiff, )
)
v. )
)
MASSACHUSETTS GENERAL )
HOSPITAL, DR. WILLIAM BINDER, )
JAMES W. MCCARTHY, ERIK )
NORENIKA, SUSAN WARCHAL, )
DIPLOMAT, CARUSO MUSIC, )
LAWRENCE CARUSO, )
    Defendants. )

## MOTION OF THE DEFENDANTS TO DISMISS
## PLAINTIFF'S COMPLAINT FOR FAILURE TO POST BOND

Now come the defendants in the above-captioned matter, and move this honorable Court pursuant to M.G.L. Ch. 231, §60B for an Order dismissing the plaintiff's Complaint for her failure to post the $12,000 bond required by the Suffolk County Superior Court.

As grounds therefore, the defendants state as follows:

1. This is an action for malpractice, error or mistake within the terms of M.G.L. Ch. 231, §60B.

2. Pursuant to that statute, a medical malpractice tribunal was convened by the Suffolk County Superior Court on October 24, 2005. This case had been transferred to the Suffolk County Superior Court from the United States District Court for purposes of convening the medical malpractice tribunal, as requested by the defendants.

3. The plaintiff failed to appear at the medical malpractice tribunal, and failed to file an Offer of Proof with the Court as required by M.G.L. Ch. 231, §60B. After argument by counsel for the defendants, the tribunal found in favor of each of the defendants by Order dated October 24, 2005. (See Finding of Medical Malpractice Tribunal dated October 24, 2005, attached hereto as Exhibit 1). Pursuant to that Order, the Court required that the plaintiff post a bond in the amount of $12,000 in order to proceed with her case.

4. By Order dated December 13, 2005 by the Suffolk County Superior Court, this matter was transferred back to the United States District Court. The Order transferring the matter back to the United States District Court indicated that no payment had been made by the plaintiff satisfying the Court's Order of October 24, 2005 (see Order of Suffolk County Superior Court dated December 13, 2005, attached hereto as Exhibit 2).

5. Pursuant to M.G.L. Ch. 231, §60B, the plaintiff had thirty (30) days in which to file the requisite bond or face dismissal of her Complaint.

6. Since more than thirty (30) days have elapsed, pursuant to the provisions of M.G.L. Ch. 231, §60B, the plaintiff's Complaint must be dismissed.

WHEREFORE, the defendants respectfully request that the plaintiff's Complaint be dismissed for her failure to post the $12,000 bond required by this Court.

        Respectfully submitted,

        The Defendants,

        By their Attorney,

        */s/ Curtis R. Diedrich*
        Curtis R. Diedrich, BBO#555937
        Sloane & Walsh, LLP
        Three Center Plaza
        Boston, MA 02108
        (617) 523-6010

Dated: January 3, 2006

## CERTIFICATE OF SERVICE

I, Curtis R. Diedrich, hereby certify that on this 3rd day of January, 2006, I served a copy of the within by mailing a copy of same, postage prepaid, to the following:

FOR THE PLAINTIFF:

Gertrude Gorod, Pro Se
P.O. Box 856
Everett, MA 02149

Curtis R. Diedrich

S:\GOROD, GERTRUDE V. MGH, ET AL.-RM-306-94)5\Pleadings\Motions\Motion of the Defendants to Dismiss Plaintiff's Complaint for Failure to Post Bond 01-03-06.doc

4

# EXHIBIT "1"

Case 1:05-cv-10842-WGY    Document 17-2    Filed 01/05/2006    Page 1 of 7

*Notify* BM 360- 9436
10-31-05
10:26 D

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT
                                                                CIVIL ACTION
Notice sent                                                     NO. 05-2334-E
10/26/2005

C. R. D.                        GERTRUDE GOROD,
S. & W.                              Plaintiff
G. G.

                                        vs.

                        MASSACHUSETTS GENERAL HOSPITAL et al.,
(sc)                                  Defendants

### ORDER

A medical malpractice tribunal was conducted today in this case in accordance with G.L. c. 231, § 60B, at which the undersigned judge was the judicial member. The plaintiff, who is appearing *pro se*, neither appeared at the tribunal nor submitted an offer of proof. In view of this failure of proof, the tribunal found in favor of the defendants and the plaintiff therefore must file a bond with the Clerk of Court to avoid dismissal of her complaint. See G.L. c. 231, § 60B. Defense counsel orally moved at the hearing that the amount of the bond be more than the $6,000 mandated by the statute, citing Denton v. Beth Israel Hospital, 392 Mass. 277 (1984). In view of the principles set forth in Denton, this Court finds, in its discretion, that the amount of the bond that should be filed in this action is $12,000, twice the statutory amount.

This Court therefore **ORDERS** that this action shall be dismissed if the plaintiff fails, within thirty days of this Order, to post a bond in the amount of $12,000.

                                        _____
                                        Ralph D. Gants
                                        Justice of the Superior Court

DATE:   October 24, 2005

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

*Notify*

10.26

CIVIL DOCKET# **SUCV2005-02334**

**Gertrude Gorod**
vs.
**Massachusetts General Hospital**

Notice sent
10/26/2005
C. R. D.
S. & W.
G. G.
(sc)

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **10/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) _Massachusetts General Hospital_ because the plaintiff(s) _____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/24/2005**

Justice of the Superior Court    _____
                                 Associate Justice of the Superior Court Dept.

Legal Member:    _____
                 Attorney - Tribunal Member

Medical Member:  _____
                 *Physician - Tribunal Member
                 *Health Care Provider - Tribunal Member

*strike inapplicable words

cm

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# **SUCV2005-02334**

**Gertrude Gorod**
vs.
**Erik Norenika**

Notice sent
10/26/2005
C. R. D.
S. & W.
G. G.

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on (sc) **10/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) _Erik Norenika_ because the plaintiff(s)_____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/24/2005**

Justice of the Superior Court

_____
Associate Justice of the Superior Court Dept.

Legal Member:

_____
Attorney - Tribunal Member

Medical Member:

_____
*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

**\*strike inapplicable words**

cm

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

10.76u

CIVIL DOCKET# SUCV2005-02334

**Gertrude Gorod**
vs.
**Dr William Binder**

Notice sent
10/26/2005

C. R. D.
S. & W.
G. G.

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **10/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds: (sc)

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) _Dr. William Binder_____ because the plaintiff(s)) _____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/24/2005**

Justice of the Superior Court

_____
Associate Justice of the Superior Court Dept.

Legal Member:
_____
Attorney - Tribunal Member

Medical Member:
_____
*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

*strike inapplicable words

cm

**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

10760

CIVIL DOCKET# **SUCV2005-02334**

**Gertrude Gorod**
vs.
**James W McCarthy**

Notice sent
10/26/2005

C. R. D.
S. & W.
G. G.

**FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL**
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

(sc)

The above entitled action came on for hearing before the appointed medical tribunal on **10/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) _James McCarthy_____ because the plaintiff(s)_____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/24/2005**

Justice of the Superior Court

_____
Associate Justice of the Superior Court Dept.

Legal Member:
_____
Attorney - Tribunal Member

Medical Member:
_____
*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

**\*strike inapplicable words**

**cm**

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

· Notice sent
10/26/2005

10·26

C. R. D.
S. & W.
G. G.    (sc)

CIVIL DOCKET# **SUCV2005-02334**

**Gertrude Gorod**
vs.
**Susan Warchal**

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **10/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) ~~_____~~ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) __Susan Warchal__ because the plaintiff(s)_____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/24/2005**

Justice of the Superior Court

_____
Associate Justice of the Superior Court Dept.

Legal Member:
_____
Attorney - Tribunal Member

Medical Member:
_____
*Physician - Tribunal Member
~~*Health Care Provider - Tribunal Member~~

*strike inapplicable words

cm

# EXHIBIT "2"

05-10842-WGY    17

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                 SUPERIOR COURT
                                                                             CIVIL ACTION
                                                                             NO: 2005-2334E

**Gertrude Gorod**
        PLAINTIFF

    V.

**Massachusetts General Hospital et al.**
        DEFENDANT

<u>ORDER</u>

AFTER A MEDICAL MALPRACTICE TRIBUNAL HEARING IN SUFFOLK SUPERIOR COURT:

THE ABOVE ENTITLED ACTION IS HEREBY ORDERED RETURNED TO THE United States District Court   : DOCKET #05-10842-WGY

(SEE P. 16 NO PAYMENT HAS BEEN MADE IN SUFFOLK SUPERIOR COURT)

        BY THE COURT, (Botsford, J.)

        _____
        ASST. CLERK

DATED: December 13, 2005

*Notice Sent 12/13/05*
*G.G.*
*StW - CRD.*
*pc*
*1216*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

Notice sent
10/26/2005
C. R. D.
S. & W.
G. G.

(sc)

SUPERIOR COURT
CIVIL ACTION
NO. 05-2334-E

GERTRUDE GOROD,
Plaintiff

vs.

MASSACHUSETTS GENERAL HOSPITAL et al.,
Defendants

### ORDER

A medical malpractice tribunal was conducted today in this case in accordance with G.L. c. 231, § 60B, at which the undersigned judge was the judicial member. The plaintiff, who is appearing *pro se*, neither appeared at the tribunal nor submitted an offer of proof. In view of this failure of proof, the tribunal found in favor of the defendants and the plaintiff therefore must file a bond with the Clerk of Court to avoid dismissal of her complaint. See G.L. c. 231, § 60B. Defense counsel orally moved at the hearing that the amount of the bond be more than the $6,000 mandated by the statute, citing Denton v. Beth Israel Hospital, 392 Mass. 277 (1984). In view of the principles set forth in Denton, this Court finds, in its discretion, that the amount of the bond that should be filed in this action is $12,000, twice the statutory amount.

This Court therefore **ORDERS** that this action shall be dismissed if the plaintiff fails, within thirty days of this Order, to post a bond in the amount of $12,000.

Ralph D. Gants
Justice of the Superior Court

DATE: October 24, 2005

MASXP-20050816       **Commonwealth of Massachusetts**      12/13/2005  
carangel      **SUFFOLK SUPERIOR COURT**      02:10 PM  
**Case Summary**  
**Civil Docket**

### SUCV2005-02334
### Gorod v Massachusetts General Hospital et al

| | | | |
|---|---|---|---|
| **File Date** | 06/09/2005 | **Status** | Disposed: transferred to other court (dtrans) |
| **Status Date** | 12/13/2005 | **Session** | E - Civil E, 3 Pemberton Sq, Boston |
| **Origin** | 91 | **Case Type** | Z01 - Med malpractice hrg only (231,60B) |
| **Lead Case** | | **Track** | X |
| | | | |
| **Service** | | **Answer** | | **Rule12/19/20** |
| **Rule 15** | | **Discovery** | | **Rule 56** |
| **Final PTC** | | **Disposition** 01/05/2006 | | **Jury Trial** Yes |

---
**PARTIES**

**Plaintiff**  
Gertrude Gorod  
P O Box 856  
Everett, MA 02149  
Active 06/09/2005 Notify

**Defendant**  
Massachusetts General Hospital  
Answered: 06/09/2005  
Answered 06/09/2005

     Private Counsel 555937  
     Curtis R Diedrich  
     Sloane & Walsh  
     3 Center Plaza  
     8th Floor  
     Boston, MA 02108  
     Phone: 617-523-2950  
     Fax: 617-227-0927  
     Active 06/09/2005 Notify

**Defendant**  
Dr William Binder  
Answered: 06/09/2005  
Answered 06/09/2005

     *** See Attorney Information Above ***

**Defendant**  
James W McCarthy  
Answered: 06/09/2005  
Answered 06/09/2005

     *** See Attorney Information Above ***

MASXP-20050816  
carangel

**Commonwealth of Massachusetts**  
**SUFFOLK SUPERIOR COURT**  
Case Summary  
Civil Docket

12/13/2005  
02:10 PM

### SUCV2005-02334
### Gorod v Massachusetts General Hospital et al

**Defendant**  
Erik Norenika  
Answered: 06/09/2005  
Answered 06/09/2005

*** See Attorney Information Above ***

**Defendant**  
Susan Warchal  
Answered: 06/09/2005  
Answered 06/09/2005

*** See Attorney Information Above ***

**Defendant**  
Diplomat  
Service pending 06/09/2005

**Defendant**  
Caruso Music  
Service pending 06/09/2005

**Defendant**  
Lawrence Caruso  
Service pending 06/09/2005

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 06/09/2005 | | Medical malpractice hearing only (231,60B); docket #05-10842-WGY pending in U.S. District Court |
| 06/09/2005 | | Origin 91, Type Z01, Track X. |
| 06/09/2005 | 1.0 | Copy of Complaint & Jury demand |
| 06/09/2005 | 2.0 | Copy of ANSWER & Jury demand: Defendant Massachusetts General Hospital (all issues) |
| 06/09/2005 | 3.0 | Copy of ANSWER & Jury demand: Defendant Dr William Binder (all issues) |

MASXP-20050816  
carangel

**Commonwealth of Massachusetts**  
**SUFFOLK SUPERIOR COURT**  
Case Summary  
Civil Docket

12/13/2005  
02:10 PM

### SUCV2005-02334
### Gorod v Massachusetts General Hospital et al

| Date | Paper | Text |
|---|---|---|
| 06/09/2005 | 4.0 | Copy of ANSWER & Jury demand: Defendant James W McCarthy (all issues) |
| 06/09/2005 | 5.0 | Copy of ANSWER & Jury demand: Defendant Erik Norenika (all issues) |
| 06/09/2005 | 6.0 | Copy of ANSWER & Jury demand: Defendant Susan Warchal (all issues) |
| 06/09/2005 | 7.0 | Copy of Defendant Massachusetts General Hospital, Dr William Binder, James W McCarthy, Erik Norenika & Susan Warchal's MOTION to Transfer the claims against them to the Massachusetts Superior Court for the purpose of convening a Medical Malpractice Tribunal pursuant to M.G.L. Ch. 231, Sec. 60B - Motion Allowed. Case ordered administratively closed until the report of the medical malpractice tribunal is received. (William G. Young, Chief Judge) |
| 06/09/2005 | 8.0 | Copy of ORDER: Pursuant to the Order entered June 6, 2005, this case is hereby referred to the Massachusetts Superior Court for the purpose of convening a medical malpractice tribunal. (Young, C.J.) |
| 06/09/2005 | 9.0 | Attested copy of docket entries received from U.S. District Crt |
| 06/09/2005 | 10.0 | Civil action cover sheet re: Malpractice |
| 10/31/2005 | 11.0 | Medical malpractice tribunal report: as to Massachusetts General Hospital that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Ralph Gants, Justice) Copies mailed 10/26/2005 (entered 10/24/05) |
| 10/31/2005 | 12.0 | Medical malpractice tribunal report: as to Erik Norenika that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Ralph Gants, Justice) Copies mailed 10/26/2005 (entered 10/24/05) |
| 10/31/2005 | 13.0 | Medical malpractice tribunal report: as to Dr William Binder that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Ralph Gants, Justice) Copies mailed 10/26/2005 (entered 10/24/05) |
| 10/31/2005 | 14.0 | Medical malpractice tribunal report: as to James W McCarthy that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Ralph Gants, Justice) Copies mailed 10/26/2005 (entered 10/24/05) |
| 10/31/2005 | 15.0 | Medical malpractice tribunal report: as to Susan Warchal that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Ralph Gants, Justice) Copies mailed 10/26/2005 (entered 10/24/05) |
| 10/31/2005 | 16.0 | ORDER that this action shall be dismissed if the plff fails, within 3o days of this order, to post a bond in the amount of $12,000.00 (Ralph Gants, Justice) (entered 10/24/05) notice sent 10/26/05 |
| 12/13/2005 | 17.0 | ORDER: After a Medical Malpractice Tribunal hearing in Suffolk Superior Court: The above entitled action is hereby Ordered returned to the United States District Court: Docker #05-10842-WGY, (Botsford, J.) Notice sent 12/13/05 |
| 12/13/2005 | | TRANSFERRED TO USDC |

**EVENTS**

MASXP-20050816                                                                                          12/13/2005
carangel                            **Commonwealth of Massachusetts**                                    02:10 PM
                                         SUFFOLK SUPERIOR COURT
                                              Case Summary
                                              Civil Docket

                                           SUCV2005-02334
                                  Gorod v Massachusetts General Hospital et al

| Date | Session | Event | Result |
|---|---|---|---|
| 10/24/2005 | Civil E, 3 Pemberton Sq, Boston | Malpractice tribunal held in Room 1017 | Event held as scheduled |

I HEREBY ATTEST AND CERTIFY ON
12-13-05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*